UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

D. Easley,  Case No. 3:25-cv-1413

    Plaintiff,

v.  ORDER

Major Stuff, et al.,

    Defendants.

On July 7, 2025, *pro se* Plaintiff D. Easley initiated this action by filing his Complaint and an application to proceed *in forma pauperis*. (Doc. Nos. 1 and 2). At that time, he was an inmate at the Toledo Correctional Institution ("ToCI").

United States Magistrate Judge Darrell A. Clay granted Plaintiff's application to proceed *in forma pauperis* on October 27, 2025. (Doc. No. 5). On that date, Judge Clay's Order was mailed to Plaintiff at the address he had provided to the Court – the address of ToCI. On November 18, 2025, Judge Clay's Order was returned to the Court as "not deliverable as addressed" and "unable to forward." (Doc. No. 8). The Ohio Department of Rehabilitation and Correction's website does not display any individual with Plaintiff's name or inmate number, which indicates he has been released from custody.[1]

---

[1] This accords with a January 2, 2024 filing by a Franklin County, Ohio prosecuting attorney, which states Plaintiff "would remain in prison until his release date on October 7, 2025." Brief for the State at 1, *State of Ohio v. Easley*, No. 94-CR-06464 (Franklin Cnty. C.P. Jan. 2, 2024).

It is well-settled that a *pro se* litigant "has an affirmative duty to notify the Court of any change in address." *Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) (citing *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.")).

In this case, Plaintiff did not fulfill his obligation to notify the Court of his updated contact information following his release. I conclude this failure demonstrates a lack of prosecution and dismiss this case without prejudice. Still, I retain jurisdiction to vacate this Order and reopen the action should Plaintiff notify the Court of his updated contact information and intent to proceed with this action within thirty (30) days of this Order.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge